UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARTHA J. HARRIS,** | ) | **CASE NO. 1:11CV311** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **JOHN R. KASICH, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter is before the Court on the Complaint for Declaratory Judgment and Injunctive Relief (ECF DKT #1) and Motion (ECF DKT #2) of Plaintiff, Martha J. Harris ("Harris"), for Temporary Restraining Order. For the following reasons, the Court finds venue in the Northern District of Ohio is improper; and therefore, transfers the captioned case to the Southern District of Ohio for further proceedings.

**I. BACKGROUND**

On January 7, 2009, Harris was appointed by former Governor Ted Strickland to an at-large seat on the Ohio State Board of Education for a term of office ending on December 31, 2012. Harris was administered the oath of office by former Chief Justice Thomas J. Moyer on January 12, 2009. Since that time, Harris has regularly attended meetings of the Board, served on Board Committees, and exercised the duties of her office as required by law. She has never received a complaint that she was inefficient or derelict in the discharge of her duties; nor has she ever been the subject of an ethics violation complaint. Harris has received a salary, as well as reimbursement for actual and necessary expenses incurred in the

performance of her official duties. Harris has not forfeited her position, nor has she been the subject of suspension or removal proceedings. However, to the best of her knowledge, the Ohio Senate has not taken any action to confirm or reject her appointment to the State Board of Education. (Harris Affidavit, ECF DKT #2-1, ¶ 17). According to the allegations of Harris's Complaint, on February 10, 2011, without any notice to her, Defendant, Governor John R. Kasich ("Kasich"), appointed Defendant, Angela Thi Bennett ("Bennett"), to the seat occupied by Harris on the Board. (Complaint, ECF DKT #1, ¶ 23).

Harris seeks a remedy from this Court in the form of a declaratory judgment of the rights of the parties, and injunctive relief regarding "Defendant Governor Kasich's unconstitutional appointment of Defendant Bennett to Plaintiff Harris' current Board seat, the accompanying actions of the Board to remove all references to Plaintiff from the Board's website, the attendance of Defendant Bennett at the Board's meeting on February 14 and 15, 2011, and the failure of Defendant Keeran [Clerk of the Ohio Senate] on behalf of the Ohio Senate to cause the holding of one or more hearings regarding Plaintiff Harris' appointment to the Board." (Complaint, ECF DKT #1, ¶ 33).

Harris alleges this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that it arises under the Constitution and the laws of the United States. Specifically, she alleges jurisdiction is conferred by "28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1343(a) and 42 U.S.C. §§ 1983 and 1988, this being an action for declaratory judgment and equitable relief authorized by law to redress deprivations under color of law of rights, privileges and immunities secured by the Constitution of the United States." (Complaint, ECF DKT #1, ¶ 7).

Harris further states that: "Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and 1392, in that this action is predicated upon a federal constitutional question and because at least one Defendant is situated within this judicial district, and all parties and entities are located within this state." (Complaint, ECF DKT #1, ¶ 8).

According to the caption of Harris's Complaint, Defendant, Robin C. Hovis, President of the State Board of Education, resides in Millersburg, Ohio; and Defendant, Angela Thi Bennett, resides in East Cleveland, Ohio. Both residences are located within this judicial district.

Defendant Hovis is described, in the Complaint, as the President of the State Board of Education, who has served continuously on the Board since 2004, and who won the presidency on January 19, 2011. (Complaint, ECF DKT #1, ¶ 4). Defendant Bennett is described as "an individual who has received documentation from Defendant Governor Kasich purporting to appoint her to the State Board as an at-large member of the Board for a term that expires December 31, 2012 in the place of Plaintiff Martha J. Harris, whom Defendant Governor Kasich considers no longer a member of the State Board because of the failure of Defendant Keeran and the Ohio Senate to convene a hearing for the purpose of advice and consent to her appointment by former Governor Strickland." (Complaint, ECF DKT #1, ¶ 6). Throughout the remainder of the Complaint, there are no other allegations specifically attributed to Defendant Hovis personally. The claim that Plaintiff's picture and biographical information has been removed from the official website is attributed to the Board as a whole. As for Defendant Bennett, aside from being the individual purportedly appointed in Plaintiff's stead, the Complaint alleges only that Defendant Bennett intends to attend and

-3-

participate in Board activities. (Complaint, ECF DKT #1, ¶ 30). All other allegations recite actions by generic Defendants, jointly and severally.

## II. LAW AND ANALYSIS

28 U.S.C. § 1391(b) states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) **a judicial district where any defendant resides, if all defendants reside in the same State**, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. (Emphasis added).

28 U.S.C. § 1392 states: "Any civil action, of a local nature, involving property located in different districts in the same State, may be brought in any of such districts."

Upon consideration of these venue statutes, the Court believes § 1392 is inapt, and will focus its attention, more appropriately, on subsection (b)(1) of § 1391.

When venue is improper a court shall transfer or dismiss pursuant to 28 U.S.C. §1406(a), which states:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court may transfer a case for improper venue *sua sponte. Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir.1989). However, before the Court determines whether venue is proper, it must first determine whether it has subject matter jurisdiction over the claims.

28 U.S.C. §1331 confers subject matter jurisdiction upon district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff Harris

alleges violation of her Fourteenth Amendment rights to procedural and substantive due process; claims she is entitled to damages and reasonable attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988; and seeks relief under the Declaratory Judgment Act (28 U.S.C. § 2201). Therefore, Harris's Complaint, on its face, presents federal questions over which this Court has subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1406(a), the district court shall transfer or dismiss any case wherein venue is improper. Here, the only basis for venue in the Northern District of Ohio is the personal residences of two Defendants, Hovis and Bennett. As previously noted, there is a dearth, if not a complete absence, of discrete allegations against Hovis and Bennett sufficient to justify basing venue on individual residency.

Defendants Kasich, Keeran, Delisle, and Hovis are sued in both their individual and official capacities. In *O'Neill v. Battisti,* 472 F.2d 789, 791 (6th Cir. 1972), the Sixth Circuit held, "Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." Quoting 1 *Moore's Federal Practice*, 1487-88. The Ohio Statehouse, the Ohio Senate, and the State Board of Education are situated in Columbus, Ohio; and that is where these Defendants conduct their official business.

No Defendant, for purposes of the alleged conduct and activity as set forth in Harris's Complaint, "resides" within the Northern District. Alternatively, every factual and legal impropriety alleged by Plaintiff against the Defendants (save "passive" Defendant Bennett) are based upon official actions only, thereby invoking the controlling language of *O'Neill, supra*. Based upon these considerations, the Court finds that venue is improper in the

Northern District.

On the other hand, venue is proper in the Southern District; so, the Court must decide whether to dismiss the Complaint or transfer it to the appropriate forum under § 1406(a). "The decision of whether to dismiss or transfer is within the district court's sound discretion..." *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir. 1998). The Court finds that transfer furthers the interests of justice. All parties are residents of the State of Ohio and reside, for purposes of this Complaint, within the Southern District of Ohio. The subject of the suit involves the conduct and official duties of the Governor, the Ohio Senate, and the State Board of Education — all occurring in the State capital. The claims present important questions of Constitutional law (specifically Due Process) and § 1983 violations of rights under the color of state law. Therefore, it would not further the interests of justice if Plaintiff, Martha J. Harris, were required to re-file her claims in the Southern District.

### III. CONCLUSION

For these reasons, the Court holds that venue in the Northern District of Ohio is improper; and, pursuant to 28 U.S.C. § 1406(a), the above-captioned case is transferred to the District Court for the Southern District of Ohio for further adjudication.

**IT IS SO ORDERED.**

**DATE: February 15, 2011**

    **S/Christopher A. Boyko**
    **CHRISTOPHER A. BOYKO**
    **United States District Judge**